ORLEANS,
April,
1834.

THOMAS JAMESON *vs.* JOHN WARE.

Where property is returnable, or any specific thing is to be done, on demand, suit accrues, not merely on the demand, but on the *neglect*, after reasonable time, to comply.

*This neglect is always a question to the jury.*

If property be demanded by a sheriff of the receiptor on execution, and before a reasonable time for delivery, the debtor be committed on the execution, and no alias execution be taken out, it excuses the receiptor from any delivery on that demand.

This action was brought against the defendant as bailee and receiptor of a horse and saddle, attached by Stephen Cobb, a deputy sheriff, under the plaintiff, on a writ of attachment in favor of Baxter and Edmunds, against one Harry Carpenter. Plea, the general issue, and trial by jury.

The plaintiff gave in evidence the records and proceedings, which showed the attachment by Cobb, the recovery of judgment, the issuing and return of execution against Carpenter, together with defendant's receipt for the horse and saddle, and proved that the execution was delivered to Cobb within thirty days after judgment recovered. There being no evidence tending to show a demand of the saddle, the plaintiff did not claim to recover for it. Cobb was examined as a witness without objection, and he testified, in substance, that he made the attachment at Scott's tavern in Derby, and there took defendant's receipt; that he received the execution on the 27th of July, and that on that day, or the next, he met the defendant at said Scott's, and informed him that he held said execution, and he wanted the horse aforesaid to sell thereon; that a conversation then took place between them about the horse, it being understood by both, that, after the attachment, Carpenter had sold the horse to one Way, who lived in the neighborhood and then had it in possession; that the defendant wished the witness to go to Way's and take the horse, which the witness declined to do, but told the defendant he would receive the horse of him, at any time, and sell it on the execution; that defendant gave the witness to understand that he intended to bring the horse forward for sale; that defendant's receipt was not present during the conversation, but was near at hand, and might readily have been procured, and was not inquired for by the defendant; that having immediate occasion to be absent for a time, he delivered over said execution to one Fisher, another deputy of the plaintiff, giving him no directions about the property attached, or the receipt of defendant for the

same. It appeared, that within three or four days after the demand of the horse, Fisher arrested Carpenter on the execution and committed him to jail; and it was not pretended that the judgment had ever been paid. The case being submitted upon the evidence, the court were requested to charge the jury, that if, after the defendant executed said receipt, the horse was suffered to go back into the possession of Carpenter, and had been sold by him, no demand was necessary to render the defendant liable; and that, if a demand was necessary, the facts aforesaid, if proved to the jury, constituted a legal and sufficient demand. But the court refused to charge as requested, and instructed the jury that the verdict must turn on the question, whether a sufficient demand was made by Cobb of the horse on the defendant; that, under the circumstances, as detailed by Cobb, in his testimony, there was no ground to question the sufficiency of the demand because the receipt was absent; and that the demand was sufficient, if the defendant was given to understand that Cobb had the execution, and called for the horse for the purpose of proceeding with, and selling it on the execution, and if the defendant, under all the circumstances of the case, had a reasonable time and opportunity to bring it forward; that whether he had such reasonable time and opportunity, would depend not only on the distance of the horse from the place of demand, or residence of the officer, but also upon what the officer might have said as to the time within which he required or expected the horse to be produced; and if they should find that Cobb told the defendant he would receive the horse at any time, those expressions should be understood to mean a reasonable time, in reference to the duties of Cobb under the execution and to the defendant; and if, on weighing the evidence, they should find, that, between the time of the demand aforesaid, and the commitment of Carpenter, the defendant had a reasonable time to bring forward the horse, and was not given to understand from Cobb that a longer period would be allowed, then the plaintiff was entitled to recover; but if they should find that a reasonable time did not intervene before said commitment, or that the defendant had good reason to believe, by the declarations of Cobb, that a longer time would be allowed, then the defendant would be entitled to their verdict, as he was not bound to re-deliver the horse after commitment. Verdict and judgment for defendant; and to the

ORLEANS,
April,
1834.

Jameson
vs.
Ware.

refusal to charge as requested, and to the charge as given, the plaintiff excepted. Exceptions allowed and certified.

*Leslie, for the plaintiff.*—1. The liability of the defendant was fixed when the demand was made. The execution having been received by the officer within thirty days from the judgment, was a taking of the property attached on mesne process; and nothing short of an actual discharge of the debtor from the effect of said execution, and a return of the property to the debtor, would release the defendant.

2. The commitment of the debtor upon the execution, and his discharge from imprisonment by the poor debtor's oath, was no satisfaction of the debt, and did not preclude the officer from selling the property attached, at any time, had it been returned by the defendant. For after the debtor was discharged from imprisonment, an alias execution might have been issued, on which the officer could have sold the property. The commitment of the debtor had no effect on the liability of the receiptor. It is for the benefit of the receiptor that the debtor be pursued immediately; for, if by this, satisfaction for the debt had been obtained, the receiptor would have been saved harmless. *Lyman* vs. *Lyman*, 12 Mass. Rep. 317.—*Bailey* vs. *Jewett*, 14 Mass. Rep. 155.

3. If a receipt man, or other bailee, by his own act, dispossess himself of the property, and thereby puts it out of his power to return the same, no demand is necessary.—*Webster* vs. *Coffin*, 14 Mass. Rep. 196.

4. Even if a demand were necessary, what constitutes a legal demand, or reasonable notice to comply with said demand, is a question of law; but the court below charged the jury that they were the judges of what is a legal notice; which was error.

*Redfield for the defendant.*

The opinion of the court was delivered by

COLLAMER, J.—It is far from certain, that the horse being permitted to go back into the possession of the debtor, and being by him sold, would in any case excuse the necessity of such a demand; as it is not true that this rendered it impossible for the defendant to procure and surrender him. He might possibly have obtained him on terms much better than he held

Orleans,
*April*,
1834.

Jameson
*vs.*
Ware.

liable to action by the plaintiff. In this case, however, the defendant's responsibility arose entirely by force of his contract, not by operation of law, as in case of replevin bond. By the terms of the receipt, he agreed to return the horse " when legally called for," &c. The fair construction and legal effect of this is, on demand. This demand was a condition precedent to the plaintiff's right of recovery, and nothing would excuse it but its having become *impossible* without the plaintiff's fault. On the trial, the demand was proved, and the court fully instruct the jury in relation thereto, correctly stating to them what constitutes a legal demand. The defendant's liability does not, however, become fixed immediately *on demand*. Action does not accrue against him until there has been a *neglect*, after reasonable time, to comply. This is always the case, where there is a specific thing to be done on demand, such as the delivery of property or performance of a service. Whether the defendant has been guilty of such neglect, must, from its nature, ever be a question of fact for the jury, under the instructions of the court, to find. If a mechanic give a note, payable in his work, *on demand*, though what amounts to a demand is a question of law, yet whether the defendant was guilty, after demand, of any actionable neglect, must ever depend on a variety of considerations, such as the nature of the work, the extent of the mechanic's preparations, means and laborers, &c.; and must, therefore, always be a question to the jury. So, too, they ought to consider, whether further time was given by the consent of parties; for, if so, though this would not waive the demand, yet it would extend the time of performance. In this manner was the question left to the jury, and we see no error therein.

It is insisted that the charge was wrong in attaching any effect to the debtor's being committed to jail. This argument is founded on the ground, that the defendant's liability was fixed, upon the *demand*, and therefore, no subsequent event would discharge it. But, as already remarked, the defendant's liability was not fixed on demand, but only on an unreasonable *neglect*, after demand. The jury were correctly instructed, if the defendant had been guilty of any such neglect before the commitment, he was liable. If he had not, most clearly, when the debtor had been committed to prison, and the execution necessarily returned to the office from which it issued, no one was authorized to take the property, the defendant was excused

from delivering it; for it does not appear that any alias execution was ever taken out, nor does the case show the debtor has ever been discharged from prison.

<div align="right">Judgment affirmed.</div>